# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN E. ALLEN,<br><br>           Petitioner,<br><br>     v.<br><br>PAUL M. SCHULTZ,<br><br>           Respondents.<br>_____/ | CV F 05-0005 REC SMS HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>[Doc. 8] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant petition for writ of habeas corpus on January 3, 2005. Respondent filed a response to the petition on April 26, 2005.[1]

    On April 13, 2005, Petitioner filed a motion for partial summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

    A motion for summary judgment pursuant to Rule 56(d) is essentially a motion for an order deeming issues to be without substantial controversy. Fed. R. Civ. Pro. 56(d). Summary judgment is a procedural device available for prompt and expeditious disposition of controversy *without trial* when there is no dispute as to material fact. Petitioner has filed a petition for writ of habeas corpus. "[T]he writ of habeas corpus is not a proceeding in the original criminal

---

[1] Pursuant to the Court's February 25, 2005, order directing Respondent to file a response, Petitioner's traverse is due within thirty days from the date Respondent filed his answer. (Court Doc. 6.)

1

prosecution but an independent civil suit." <u>Riddle v. Dyche</u>, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting).  Modern habeas corpus procedure has the same function as an ordinary appeal. <u>Anderson v. Butler</u>, 886 F.2d 111, 113 (5th Cir. 1989); <u>O'Neal v. McAnnich</u>, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)).  In a habeas proceeding, petitioner does not proceed to "trial."  Therefore, the motion for summary judgment is improper. For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition.  As the Court will rule on the petition for writ of habeas corpus after briefing by the parties and in due course, a motion for summary judgment in a habeas proceeding serves no purpose.  Accordingly, the request for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:   **May 12, 2005**                               /s/ Sandra M. Snyder
icido3                                                          UNITED STATES MAGISTRATE JUDGE